IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM HENRY CHARLES, SR.,

      Petitioner,                    No. CIV S-09-1167 GGH P

   vs.

JAMES TILTON, et al.,

      Respondents.              ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Habeas relief extends to a person in custody under a state court judgment who is being held in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827 (1973).

1

"Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (citing Preiser at 498-99). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, the conditions under which an inmate is confined. Id. Specifically, in Ramirez v. Galaza, 334 F.3d 850 (9th Cir.2003), the Ninth Circuit determined that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Id. at 858-59.

In the instant case, petitioner's claims do not challenge the legality or duration of his confinement. Rather, they concern the conditions of his confinement. Court records indicate that petitioner is proceeding with a civil rights action in this court raising the claims raised in the instant action, Charles, Sr. v. Tilton, CIV S-09-1051 GGH P. Accordingly, petitioner is ordered to show cause why this action should not be dismissed because his claims are properly brought in a civil rights action, which he is separately pursuing.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. Within twenty days of the date of this order, petitioner shall show cause why this action should not be dismissed for the reasons discussed above.

DATED: May 14, 2009

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ch1167.dis