IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM HENRY CHARLES, SR.,

    Petitioner,                       No. CIV S-09-1167 GGH P

    vs.

JAMES TILTON, et al.,

    Respondents.                 ORDER; FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that he was wrongly labeled as an active gang member, as a result of which he has been retained in administrative segregation. Petitioner challenges the evidence relied on by prison officials to label him as an active gang member. In particular, petitioner argues that prison officials validated him based on his possession of a 26 page pamphlet with a picture of and two paragraphs about George Jackson. The pamphlet also has 12-14 pages discussing the Nation of Islam, Elijah Muhammad and Malcolm X. The pamphlet's cover has a piece of Khametic art written by petitioner over seven years ago.

        Petitioner also alleges that the regulations relied on by prison officials to label him as a gang member were not promulgated pursuant to the Administrative Procedures Act. Petitioner also alleges that prison officials have a policy of retaining prisoners in administrative

segregation for frivolous reasons.

On May 15, 2009, the undersigned found that petitioner's claims concern his condition of confinement rather than the legality or duration of his confinement. For that reason, the court construed this action as a civil rights action pursuant to 42 U.S.C. § 1983. The May 15, 2009, order observed that court records indicated that petitioner was proceeding with a civil rights action in this court challenging his validation as a gang member and raising claims similar to those raised in the instant action, Charles v. Tilton, CIV S-09-1051 GGH P. Petitioner was ordered to show cause why the instant action should not be dismissed because his claims were more properly raised in CIV S-09-1051 LKK GGH P.

On May 28, 2009, petitioner filed a response to the May 15, 2009, order which he labeled as a "traverse." In this pleading, petitioner argues that the claims raised in CIV S-09-1051 are not the same as those raised in the instant action.

The complaint in CIV S-09-1051 contains a variety of allegations challenging petitioner's validation as a gang member and retention in administrative segregation.[1] CIV-S-1051 also challenges the grounds on which prison officials used to validate petitioner as a gang member, including the 26 page pamphlet discussed in the petition filed in the instant action. In CIV S-1051 plaintiff alleges that his constitutional rights were violated by defendants' decision to validate as a gang member and place him in administrative segregation.

After comparing the petition filed in the instant action and the complaint filed in CIV S-09-1051, it is clear that the claims raised in the instant action are substantially similar to, if not identical, to those raised in 09-1051.

On September 3, 2009, the court dismissed 09-1051 for plaintiff's failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

1  brought with respect to prison conditions under section 1983...until such remedies as are
2  available are exhausted." It is clear that under 42 U.S.C. § 1997e(a) that no action shall be
3  brought with respect to prison conditions until such administrative remedies as are available are
4  exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

5        The instant action was filed April 29, 2009. CIV S-09-1051 was filed April 17,
6  2009. There is no evidence in either action that petitioner exhausted administrative remedies
7  between April 17, 2009, and April 29, 2009. In CIV S-09-1051 petitioner concedes that he failed
8  to exhaust administrative remedies. Petitioner's excuses for failing to exhaust raised in CIV S-
9  1051 were rejected by the court in that case.

10        For the reasons stated in the May 15, 2009, order, this action is construed as a
11  civil rights action. Because it is clear, based on discussion above, that plaintiff/petitioner has
12  failed to exhaust his administrative remedies, this action should be dismissed.

13        Accordingly, IT IS HEREBY ORDERED that:
14        1. This action is construed as a civil rights action pursuant to 42 U.S.C. § 1983;
15        2. The Clerk of the Court shall assign a district judge to this action; and
16        IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's
17  failure to exhaust administrative remedies.

18        These findings and recommendations are submitted to the United States District
19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
20  days after being served with these findings and recommendations, plaintiff may file written
21  objections with the court. The document should be captioned "Objections to Magistrate Judge's
22  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
23  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
24  F.2d 1153 (9th Cir. 1991).

25  DATED: November 16, 2009     /s/ Gregory G. Hollows
26  ch1167.56     UNITED STATES MAGISTRATE JUDGE